UNITED STATES DISTRICT COURT **FILED**
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

2014 AUG 15 PM 2:07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

SHAWNELLIAS BURGESS,       CASE NO. _____

    PLAINTIFF,

V.

    ALLY BANK                 COMPLAINT FOR CIVIL DAMAGES

    DEFENDANT.            JURY DEMAND

## JURISDICTION AND VENUE

1) THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIMS PURSUANT TO 28 U.S.C. § 1331, 28 U.S.C. § 1441 (A) & (B), 15 U.S.C. § 1681(P), AND 15 U.S.C. § 1691(E).

2) VENUE IN THE MIDDLE DISTRICT OF TENNESSEE IS PROPER PURSUANT TO 28 U.S.C. § 1391 (B) & (C).

## PLAINTIFF

3) PLAINTIF, SHAWNELLIAS BURGESS, IS A CITIZEN OF THE STATE OF TENNESSEE.

## DEFENDANT

4) ALLY BANK IS A UNIT OF ALLY FINANCIAL, HEADQUARTERED IN DETROIT, MICHIGAN, WHICH BECAME A BANK HOLDING COMPANY IN DECEMBER 2008. THE BANK IS HEADQUARTERED IN MIDVALE, UTAH.

## SERVICE OF PROCESS

5) THIS COMPLAINT SHALL BE SERVED ON THE DEFENDANT PURSUANT TO TENNESSEE CIVIL PROCEDURES RULE 5.2(1) THROUGH THE ATTORNEY OF RECORD. (SEE EXHIBIT 7)

## PROCEDURAL HISTORY

6) This case is an appeal from a decision rendered in Davidson county General Sessions Court on August 12, 2014. The General Sessions Court dismissed the case without rendering a holding. (See Exhibit 1)

## JURY DEMAND

7) Pursuant to Federal Rules of Civil Procedure #38, Plaintiff seeks a trial by jury.

## DE NOVO

8) Plaintiff request this Court review this case de novo. This Case is an appeal of a decision from Davidson County General Sessions Court. The case has been filed within the 10 Days required by law to appeal.

## FACTS

9) On 9/16/13, Plaintiff entered into an agreement with Snap Fitness (a workout facility) to utilize the company's fitness equipment and building to exercise. (See Exhibit 2)

10) Plaintiff signed a section of the contract giving Snap Fitness authorization to apply the monthly fee of $16.38 to his Visa check/debit card issued by Ally Bank. (See Exhibit 2)

11) Plaintiff at the time of signing the contract also applied the Enrollment Fee of $89.99 to the Check Card issued by Ally Bank. (See Exhibit 2)

12) Payments for the Contract occurred on the 1st of each month from October 2013 – April 2014 in the amount of $16.39. $16.38 was off by .01 cent because the agent that signed the contract miss calculated taxes due each month ($15/month plus tax = $16.39)

13) On 5/1/14, Plaintiff's Visa Check Card was charged $41.39.

14) The difference of $25 was an Equipment Enhancement Fee that Snap Fitness had begun charging new contract customers.
15) Plaintiff's contract did not contain such a clause because it was an older contract. (See Exhibit 2)
16) On 5/15/14, Plaintiff sent a letter to Snap Fitness to change payment method on the contract and acquire a refund for the $25. (See Exhibit 8)
17) Snap Fitness contacted Plaintiff without contract at their disposal to claim clause was present to justify fee.
18) On 5/17/14, Plaintiff sent a letter to Snap Fitness advising that upon review there wasn't a clause justifying the $25 fee. (See Exhibit 9)
19) On 5/20/14, Plaintiff contacted Ally Bank via email to file a Reg E Claim due to the amount was incorrect from Snap Fitness. The amount charged should have been $16.39 not $41.39. (See Exhibt 3)
20) On 5/20/14, Ally Bank responded by telling the Plaintiff to contact merchant and refused to file a Reg E Claim. (See Exhibit 3)
21) On 5/21/14, Plaintiff sent Letter to Snap Fitness to recover funds. (See Exhibit 4)
22) Snap Fitness East Brentwood Office contacted Plaintiff and was under the impression he had a new contract which allowed the fee. Plaintiff reviewed his contract and did not find such a clause. (See Exhibit 2)
23) On 5/28, Plaintiff called Ally Bank to file a Reg E Claim for a second time. The agent took the information needed to initiate a claim.

24) On 6/2/14, Ally forwarded a Denial Letter to Plaintiff. (See Exhibit 5)

25) Ally claimed the charge was authorized and thus a "Merchant Dispute". (See Exhibit 5)

26) On 6/5/15, Plaintiff forwarded a letter to Ally Bank which provided a copy of the Snap Fitness Contract which indicated the Amount authorized by signature and shows no clause in the contract for the $25 additional fee. (See Exhibit 16)

27) On 6/6/14, Plaintiff requested the documents Ally Bank used to come to the conclusion that the transaction was authorized and/or used to deny Plaintiff's Reg E Claim. (See Exhibit 6)

28) To this date, Ally Bank hasn't provided Plaintiff with any documents to satisfy the request in Paragraph 23.

29) On or around 6/2/14, Ally Bank forwarded to Plaintiff a Visa/MC statement of Dispute Form which Plaintiff Completed to recover the $25. (See Exhibit 10)

30) Plaintiff's research shows that neither a "Merchant Dispute" or Visa/MC dispute requirements satisfy or are permitted by Reg E. (See Exhibit 11)

31) Plaintiff's research from Lori Moore a certified Regulatory Compliance Manager states the rules of Reg E as learned from the Markle Bank Case doesn't allow banks to rely on Visa/MC rules which require merchant be contacted first are not acceptable under Reg E. (See Last Paragraph on Page 2 of Exhibit 11)

32) Plaintiff Filed Suit against both Ally Bank and Snap Fitness on 7/1/14 for violations of Reg E and recover $25 Fee. (See Exhibit 12)

33) On 7/8/14, Snap Fitness settled out of court. (See Exhibit 13)
34) On 7/28/14, Ally Bank sent Plaintiff a letter stating that Plaintiff's claim is a "Merchant Dispute" under Visa and Mastercard rules should be resolved between Plaintiff and Merchant. In addition, Ally had no legal obligation to recognize the claim. (See Exhibit 14)
35) Ally further advised Plaintiff that Snap Fitness had given them a credit of $25. (See Exhibit 14)
36) Snap Fitness had already settled the amount in dispute on the 8th of July. (See Exhibit 13)
37) Ally bank in open court stated that they had given Plaintiff a provisional credit of $25 on or around 6/20/14.
38) Plaintiff proved this to be a false statement. (See Exhibit 15)
39) On 7/31/14, Snap Fitness' account pertaining to Plaintiff did not show a $50 credit but only a $25 credit. (See Exhibit 13)
40) Both statements regarding provisional and actual credits from Ally have proven to be false. (See Exhibits 13 & 15)
41) According to Ally Bank, They gave the Plaintiff a provisional credit of $25 on 6/20/14 and then They collected $25 on plaintiff's behalf from Snap Fitness on or around 7/28/14. (See Exhibit 14) But the General Sessions Court Judge noted in open court that the documents provided to the Court by Ally Bank actually showed a notation that on or around 7/11/14 that no provisional credit was provided due to the Dispute being a "Merchant Dispute". Also, Ally Bank was unaware that Snap Fitness had settled out of court on 7/8/14 and wouldn't have had any motivation to pay any additional funds to Ally Bank on or around 7/28/14.

42) Ally Bank in open court stated that numerous charges had occurred between the merchant and plaintiff and as a result of previous history and the bank's lack of knowledge as to what agreements were in place between the two the transaction in dispute was a "merchant dispute".
43) Plaintiff researched statements after court and discovered that Snap Fitness had charged his Ally Bank issued Check Card $89.99 which was the contract initiation fee. (See Exhibit 2)
44) Snap Fitness had charged his account $16.39 on the 1ST of each month from 10/13 – 4/14 and 6/14 – 7/14.
45) Snap Fitness also charged a $25 fee on or around 11/6/13 which at this time plaintiff holds no receipts of purchase or any signed authorization for the amount. (See Exhibit 17)
46) Plaintiff's wife passed away that year and Plaintiff may have missed this charge and his opportunity to file a Reg E Claim with all that was going on. (See Exhibit 18)
47) General Sessions Court Judge advised in open court that he wasn't versed in Reg E/EFT Act.
48) Judge Dismissed Plaintiff's Case. (See Exhibit 1)
49) Plaintiff's research of the industry shows that the Banking Community says that Reg E must be followed and an investigation was warranted. (See Exhibit 19, Pages 13 "Denying Error Claims" & 14 "Merchant Disputes are not Errors")
50) According to Plaintiff's research from Exhibit 19, a "Merchant Dispute" that isn't covered by Reg E has to do with quality and quantity of the merchandise/service. Anything dealing with the

AMOUNT OF THE TRANSACTION FALLS UNDER REG E. (SEE EXHIBIT 19, PAGE 14)

51) PLAINTIFF'S RESEARCH OF THE LAW AS LISTED BY THE FDIC CONTAINED NO EXCEPTION THAT IS BEING EMPLOYED BY ALLY BANK. (SEE EXHIBIT 20)

52) PLAINTIFF FILED THIS ACTION IN DISTRICT COURT.

## REG E VIOLATIONS

53) ALLY BANK HAS ACTED IN VIOLATION OF REG E AGAINST THE PLAINTIFF IN SEVERAL WAYS ON SEVERAL OCCASIONS WITH EACH GIVING RISE TO ITS OWN INDIVIDUAL ACTION BUT IN AN EFFORT TO NOT OVERBURDEN THE COURT THE PLAINTIFF LISTS ALL INFRACTIONS IN THIS CASE INDIVIDUALLY BUT SEEKS COLLECTION OF DAMAGES COLLECTIVELY.

### 5/20/14 SEPARATE INDIVIDUAL INFRACTIONS

54) 1. DENIED A BONA FIDE CLAIM – VIOLATION OF § 908(3)

55) 2. FAILED TO TIMELY INVESTIGATE – VIOLATION OF § 908(3)

56) 3. FAILED TO PROVIDE A PROVISIONAL CREDIT – VIOLATION OF § 908(3)(C)

57) 4. FAILED TO CORRECT THE ERROR – VIOLATION OF § 908(3)(B)

58) 5. FAILED TO PROVIDE AN EXPLANATION OF ITS FINDINGS – VIOLATION OF § 908(3)(D)

### 6/2/14 SEPARATE INDIVIDUAL INFRACTIONS

59) 1. DENIED A BONA FIDE CLAIM – VIOLATION OF § 908(3)

60) 2. FAILED TO TIMELY INVESTIGATE – VIOLATION OF § 908(3)

61) 3. FAILED TO PROVIDE A PROVISIONAL CREDIT – VIOLATION OF § 908(3)(C)

62) 4. FAILED TO CORRECT THE ERROR – VIOLATION OF § 908(3)(B)

63) 5. FAILED TO PROVIDE A NOTICE OF THE RIGHT TO REQUEST DOCUMENTS USED IN DETERMINATION – VIOLATION OF § 908(3)(D)

<u>6/5/14 SEPARATE INDIVIDUAL INFRACTION</u>

64) 1. DENIED A BONA FIDE CLAIM – VIOLATION OF § 908(3)

65) 2. FAILED TO TIMELY INVESTIGATE – VIOLATION OF § 908(3)

66) 3. FAILED TO PROVIDE A PROVISIONAL CREDIT – VIOLATION OF § 908(3)(C)

67) 4. FAILED TO CORRECT THE ERROR – VIOLATION OF § 908(3)(B)

68) 5. FAILED TO PROVIDE AN EXPLANATION OF ITS FINDINGS – VIOLATION OF § 908(3)(D)

<u>6/6/14 SEPARATE INDIVIDUAL INFRACTION</u>

69) 1. FAILED TO SUPPLY DOCUMENTS USED IN INVESTIGATION UPON REQUEST – VIOLATION OF § 908(3)(D)

## CLASS ACTION

70) BECAUSE THIS IS A SYSTEMIC POLICY EMPLOYED BY ALLY BANK, PLAINTIFF BELIEVES THERE ARE MORE INDIVIDUALS AFFECTED AND THUS SHALL BE MAKING A MOTION WITH THE COURT FOR CLASS ACTION STATUS SHORTLY.

## THE COURT'S POWER TO GRANT RELIEF

71) PURSUANT TO § 916(G) THIS COURT HAS THE POWER TO GRANT RELIEF.

## PRAYS FOR RELIEF

**WHEREFORE**, THE PLAINTIFF, SHAWNELLIAS BURGESS, PURSUANT TO REGULATION E AND THE COURT'S OWN EQUITABLE POWERS, REQUESTS THIS COURT:

1. AWARD PLAINTIFF $16,000 ($1,000/EACH INDIVIDUALLY ACTIONABLE VIOLATION OF REG E)

2. AWARD PLAINTIFF TREBLE DAMAGES PURSUANT TO § 908(E)
3. AWARD PLAINTIFF COURT COSTS FROM GENERAL SESSIONS COURT IN THE AMOUNT OF $111.75 (SEE EXHIBIT 12)
4. AWARD PLAINTIFF THE COST OF BRINGING THIS ACTION
5. AWARD PLAINTIFF REASONABLE ATTORNEY FEES, AS WELL AS SUCH OTHER AND ADDITIONAL RELIEF AS THE COURT MAY DETERMINE TO BE JUST AND PROPER.

RESPECTFULLY SUBMITTED THIS THE 15TH DAY OF AUGUST, 2014 BY:

*[signatures]*

SHAWNELLIAS BURGESS – PRO SE

3040 CODY HILL ROAD

NASHVILLE, TN 37211

### Certificate of Service

This is to certify that a copy of the following Complaint has been served by first-class mail on 8/15/14 upon:

D. Hiatt Collins

Gullett Sanford Robinson & Martin, PLLC

150 Third Ave. South, Suite 1700

Nashville, TN 37201

*[signature]*