UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWNELLIAS BURGESS,

    PLAINTIFF,

V.

    ALLY BANK

    DEFENDANT.

CASE NO. 3:2014-CV-01676

AMENDED COMPLAINT FOR CIVIL DAMAGES

JURY DEMAND

## JURISDICTION AND VENUE

1) This court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441 (a) & (b), 15 U.S.C. § 1681(p), and 15 U.S.C. § 1691(e).

2) Venue in the Middle District of Tennessee is proper pursuant to 28 U.S.C. § 1391 (b) & (c).

## PLAINTIFF

3) Plaintif, Shawnellias Burgess, is a citizen of the State of Tennessee.

## DEFENDANT

4) Ally Bank is a unit of Ally Financial, headquartered in Detroit, Michigan, which became a bank holding company in December 2008. The bank is headquartered in Midvale, Utah.

## SERVICE OF PROCESS

5) This Amended Complaint shall be served on the Defendant pursuant to Tennessee Civil Procedures Rule 5.2(1) through the Attorney of Record.

## JURY DEMAND

6) Pursuant to Federal Rules of Civil Procedure #38, Plaintiff seeks a trial by jury.

## FACTS

7) Plaintiff was a banking/checking account customer of Ally Bank for approximately 5 years.

8) Ally's Deposit Agreement Policies which include Electronic Fund Transactions are available online and provided to its customers annually. (See Exhibit 1, Page 19)

9) Plaintiff has had Reg E/EFT Claims handled by Ally throughout their relationship.

10) Plaintiff's past EFT (Electronic Fund Transfers) disputes (prior to 2014) were handled according to both Reg E. and Ally's Published Dispute Policy.

11) Ally's Current Procedures for handling Electronic Funds/Debit Card Disputes differs from Ally's Published Policies.
    A. According to Ally's Corporate Attorney, Ally has two sets of error Resolution rules. (See Exhibit 2)
        I. Pursuant to those Ally rules – if a charge was unauthorized by the Customer; it falls under Reg E. – if the charge was authorized by the Customer; it falls under Visa/Mastercard rules.
        II. Plaintiff states that Ally is fundamentally incorrect in the application of Reg E for disputes but that issue is moot.

12) Ally's actions violate both State and Federal Law.

## REG E VIOLATIONS

13) Reg E section 205.8 requires a Financial Institution to provide notice of Change in Terms whereby the liability is increased for the consumer and the publication of an Error Resolution Notice.

   A. Plaintiff claims that Ally Bank did not provide any such notice pertaining to the change in terms with regards to how it handles Electronic Funds Transfer Disputes.
      i. Plaintiff has had Reg E disputes in the past and they were not handled in the same way it was handled in 2014.
   B. Plaintiff claims that Ally Bank's Error Resolution Notice provided to Plaintiff which is available online wasn't the Error Resolution Procedures that were followed when he disputed charges in 2014.
   C. Plaintiff claims that Ally hasn't provided the required Error Resolution Notice required under Reg E.
   D. Plaintiff claims that there's no mention of a "Merchant Dispute" in any of Ally's Reg E Notices.
   E. Plaintiff claims that Ally doesn't define what a "Merchant Dispute" is, when it is employed, how it is employed, what triggers it, and how it can be avoided when it pertains to EFT disputes.
   F. Plaintiff claims that Ally Bank has unilaterally changed what a Reg E Dispute is for Ally Customers. According to Ally's Corporate Attorney, if Plaintiff authorizes a $16 payment and the merchant charges $41, it becomes a Merchant Dispute as a matter of Law. (See Exhibit 2)

I. THIS IS DIFFERS GREATLY FROM THE BANKING INDUSTRY DEFINITION OF A "MERCHANT DISPUTE". ACCORDING TO THE INDUSTRY A MERCHANT DISPUTE IS WHERE A CUSTOMER DISPUTES THE QUALITY OR QUANTITY OF THE MERCHANDISE/SERVICE. (SEE EXHIBT 3, PARTICULARLY THE HIGHLIGHTED PORTIONS & PAGES 14-15). IT ALSO DIFFERS FROM THE LANGUAGE OF REG E. (SEE REGULATION E)

## VIOLATIONS OF UDAAP UNDER DODD-FRANK ACT

14) PLAINTIFF CLAIMS THAT ALLY BANK HAS VIOLATED THE UNFAIR, DECEPTIVE, ABUSIVE ACTS OR PRACTICES UNDER THE DODD-FRANK ACT WHICH MANDATES THAT ALL CONSUMER FINANCIAL PRODUCTS & SERVICES ARE FAIR.
   A. ALLY BANK DOESN'T FOLLOW THE ERROR PROCEDURES IT PROVIDED TO PLAINTIFF.

## VIOLATIONS OF TENNESSEE'S UDAP (T.C.A 47-18-104)

15) PLAINTIFF CLAIMS THAT ALLY BANK HAS VIOLATED TN'S UDAP.
   A. ALLY BANK DOESN'T FOLLOW THE ERROR PROCEDURES IT PROVIDED TO PLAINTIFF.

## FRAUD

16) PLAINTIFF CLAIMS THAT ALLY BANK HAS COMMITTED FRAUD.
   A. ALLY BANK'S ANNUAL ERROR NOTICE IS FRAUDULENT.
   B. ALLY BANK DOESN'T FOLLOW THE ERROR PROCEDURES IT PROVIDED TO PLAINTIFF.

## BREACH OF CONTRACT

17) Plaintiff Claims that Ally Breached the contract between the parties by not following the terms outlined in Ally's Deposit Agreement.

## CLASS ACTION

18) Because this is a systemic Policy employed by Ally Bank, Plaintiff believes there are more individuals affected and thus shall be making a motion with the court for Class Action status shortly.

## THE COURT'S POWER TO GRANT RELIEF

19) Pursuant to § 916(g) of Reg. E and any other pertinent Federal and State Laws this Court has the power to grant relief.

## PRAYS FOR RELIEF

**WHEREFORE,** the Plaintiff, Shawnellias Burgess, pursuant to Regulation E, Federal UDAAP, Tennessee UDAP, Tennessee Law and the Court's own equitable powers, requests this Court:

1. Award Plaintiff $160,000 in Punitive Damages,
2. Award Plaintiff all available Statutory Damages,
3. Award Plaintiff all available Nominal Damages,
4. Award Plaintiff Treble Damages pursuant to § 908(e) of Reg E.
5. Award Plaintiff the cost of bringing this action

6. AWARD PLAINTIFF REASONABLE ATTORNEY FEES, AS WELL AS SUCH OTHER AND ADDITIONAL RELIEF AS THE COURT MAY DETERMINE TO BE JUST AND PROPER.

RESPECTFULLY SUBMITTED THIS THE 15ᵀᴴ DAY OF OCTOBER, 2014 BY:

*[signature]*

SHAWNELLIAS BURGESS – PRO SE

3040 CODY HILL ROAD

NASHVILLE, TN 37211

Certificate of Service

This is to certify that a copy of the following Complaint has been served by first-class mail on 10/15/14 upon:

D. Hiatt Collins

Gullett Sanford Robinson & Martin, PLLC

150 Third Ave. South, Suite 1700

Nashville, TN 37201

*[signature]*