IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWNELLIAS BURGESS ) | |
| ) | |
| v. ) | NO. 3:14-1676 |
| ) | |
| ALLY BANK ) | |

TO:   Honorable William J. Haynes, Jr., Senior District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered December 12, 2014 (Docket Entry No. 53), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, for further pretrial matters.

Presently pending in this action is the Defendant's motion to dismiss (Docket Entry No. 26), to which the Plaintiff has filed a response in opposition (Docket Entry Nos. 45 and 46).[1] Also before the Court is the Defendant's reply (Docket Entry No. 51). For the reasons set out below, the Court recommends that the motion to dismiss be granted.

**I. BACKGROUND**

The Plaintiff filed this lawsuit pro se on August 15, 2014, against Ally Bank seeking various types of damages. Although he stated in the Complaint that the lawsuit was brought as an appeal

---

[1] Although the Plaintiff filed both a reply (Docket Entry No. 45) to the Defendant's motion to dismiss and a memorandum of law (Docket Entry No. 46) in support of his reply, both filings are exactly the same other than the heading and introductory paragraph.

from a decision rendered in the Davidson County General Sessions Court, he asserted that federal question jurisdiction existed under 28 U.S.C. § 1331[2] and set out claims that Ally Bank had violated Regulation E.[3] See Complaint (Docket Entry No. 1). His claims were based upon events that arose after a merchant, Snap Fitness, charged a $25.00 fee to a check card issued to the plaintiff by Ally Bank. The plaintiff disputed the validity of the fee to the merchant and also to Ally Bank, through a Regulation E claim, and he ultimately filed suit against Ally Bank and Snap Fitness in the General Sessions Court for Davidson County, Tennessee, on July 1, 2014. The state court action was dismissed in favor of the two defendants on August 12, 2014. See Exhibit 1 (Docket Entry No. 1-1) to Complaint, at 1, and Docket Entry No. 7-2.

Defendant Ally originally moved to dismiss the instant action under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that this Court lacked jurisdiction to adjudicate the Plaintiff's request for an appeal of the General Sessions Court decision under the Rooker-Feldman doctrine and that the federal lawsuit was the second lawsuit brought by the Plaintiff against Ally Bank based on the same claims and was barred by res judicata. See Docket Entry No. 7. By Order entered September 16, 2014 (Docket Entry No. 11), the Court granted the Plaintiff's motion to file an amended complaint and denied the Defendant's motion to dismiss without

---

[2] The plaintiff also asserted that subject matter jurisdiction existed over his lawsuit pursuant to 28 U.S.C. §§ 1441(A) & (B) and 15 U.S.C. §§ 1681(P) and 1691(E). Section 1441 provides for the removal of civil cases from state court, which has not occurred in this action. Further, neither 15 U.S.C. § 1681p, which is a jurisdictional provision under the Fair Credit Reporting Act, nor 15 U.S.C. 1691e, which is a provision of the Equal Credit Opportunity Act, is applicable to this action.

[3] Regulation E is the common name for the implementing regulations for the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., which are set out at 12 C.F.R. §§ 205 et seq. Although the Plaintiff asserted that Ally Bank had violated Regulation E, he actually referred in his Complaint to statutory provisions of the EFTA.

prejudice to being renewed after the amended complaint was filed. The Plaintiff filed his Amended Complaint (Docket Entry No. 22), and the Defendant again moved to dismiss the action.

In his Amended Complaint, the Plaintiff deleted any references to the General Sessions lawsuit and judgment, removed his request for an appeal of the decision of the General Sessions Court, and significantly revised the factual allegations of his pleading to minimize any reference to the dispute with the merchant and Ally Bank over the $25.00 fee. See Docket Entry No. 22, at 1-2. The Plaintiff then asserted claims of violations of Regulation E, violations of "UDAAP under Dodd-Frank Act," violations of Tenn. Code. Ann. § 47-18-104, fraud, and breach of contract. Id. at 3-5. The Plaintiff also stated that he would be filing a motion "for class action status shortly" and sought various forms of damages as relief. Id.

In the pending motion to dismiss, the Defendant argues that the Amended Complaint should be dismissed because the instant action continues to be barred by res judicata even in light of the new allegations and claims made by the Plaintiff. The Defendant further argues that the Rooker-Feldman doctrine bars this Court from hearing the Regulation E claims that were raised, heard, and dismissed in the Plaintiffs' prior General Sessions lawsuit. Finally, the Defendant contends that there is no private cause of action under the Dodd-Frank Act as referenced by the Plaintiff and that the Amended Complaint is lacking in specific factual allegations that support claims for relief based on the other three new causes of action set out in the Amended Complaint.

The Plaintiff opposes the motion to dismiss, arguing that it is untimely and should be summarily denied for that reason alone. See Docket Entry No. 45, at 1-3. The Plaintiff also contends that his Amended Complaint does not seek to overturn the decision of the General Sessions Court and that his action does not rely upon the same core facts as were at issue in the General

Sessions lawsuit but is based upon Defendant Ally Bank's alleged non-compliance with the terms and provisions of its Deposit Agreement with the Plaintiff. Id. at 3-4.

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d

855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

The plaintiff's status as a pro se litigant requires the Court to view his pleading with some measure of a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). However, the "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts ... have been willing to abrogate basic pleading essentials in pro se suits." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases).

### III. CONCLUSIONS

Initially, the Court finds no merit to the Plaintiff's argument that the Defendant's motion to dismiss was untimely filed and should be summarily denied without consideration of the Defendant's substantive arguments for dismissal. The Court notes that, by Orders entered October 3, 2014 (Docket Entry No. 20), and October 31, 2014 (Docket Entry No. 25), the Court has denied the Plaintiffs' two motions (Docket Entry Nos. 16 and 23) seeking default judgment in the action based upon arguments made by the Plaintiff about the timeliness of the Defendant's responses to the Plaintiff's pleadings.

Addressing the Defendant's substantive arguments, the Court first notes that the Rooker-Felman[4] doctrine would clearly have prevented this Court from asserting jurisdiction over the instant lawsuit had the Plaintiff continued to rely upon his original Complaint, in which he specifically sought appellate review of the decision from the General Sessions Court. The Rooker-Feldman doctrine bars district courts from exercising appellate review over challenges to state court judgments. Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006); Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003). The application of the Rooker-Feldman doctrine is less clear to the extent it concerns the Plaintiff's Amended Complaint in light of his lack of a specific request to overturn the decision from the General Sessions Court and his inclusion of four new claims that he did not raise before the General Sessions Court. In such a situation, the injury he complains about is not a result of the state court decision itself, but the result of actions by Defendant Ally Bank and, thus, Rooker-Feldman would not apply to prevent the Court from exercising subject matter jurisdiction over the Plaintiff's action. See Duncan v. U.S. Bank, NA, 574 F. App'x 599, 601 (6th Cir. 2014); McCormick v. Braverman, 451 F.3d 382, 394 (6th Cir. 2006). The Sixth Circuit has noted that the doctrine does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." Berry v. Schmitt, 688 F.3d 290, 298 (6th Cir. 2012) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

However, even if the Rooker-Feldman doctrine does not apply, the Court finds that the motion to dismiss should be granted because the instant action is barred by the doctrine of res judicata in light of the Plaintiff's prior General Sessions lawsuit against Ally Bank. State law

---

[4] Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

determines the preclusive effect given to a prior state court judgment. Marrese v. American Acad. of Orthopaedic Surgeons, 470 U.S. 373, 384, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Thus, federal courts "must give the same preclusive effect, under the doctrine of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." Ingram v. City of Columbus, 185 F.3d 579, 593 (6th Cir. 1999). "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." Gutierrez v. Lynch, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted).

Tennessee courts have long held that a final judgment from a General Sessions Court bars a subsequent suit in another court on the same subject. State v. McClintock, 732 S.W.2d 268, 270 (Tenn.1987); Staggs v. Vaughn, 325 S.W.2d 277 (Tenn. 1959); Clay v. Barrington Motor Sales, Inc., 832 S.W.2d 33, 34 (Tenn. Ct. App. 1992). A party asserting that a prior judgment should bar a subsequent lawsuit because of res judicata must show that: (1) that a court of competent jurisdiction rendered a prior judgment; (2) that the prior judgment was final and on the merits; (3) that the same parties or their privies were involved in both proceedings; and (4) that both proceedings involved the same cause of action. Hooker v. Haslam, 393 S.W.3d 156, 165 n.6 (Tenn. 2012) (citing Lee v. Hall, 790 S.W.2d 293, 294 (Tenn.Ct.App.1990)); Richardson v. Tennessee Bd. of Dentistry, 913 S.W.2d 446, 459 (Tenn. 1995).

Each of the requirements necessary for the application of res judicata is satisfied. The General Sessions Court was a court of competent jurisdiction for the claims brought by the Plaintiff in the state court action. 15 U.S.C. § 1693m specifically provides that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction . . ." This language has been interpreted to provide for concurrent state and federal

jurisdiction. See Bank One Chicago N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 268, 275, 116 S.Ct. 637, 133 L.Ed.2d 635 (1996); Lockard v. Equifax, Inc., 163 F.3d 1259, 1264 (11th Cir. 1998). The General Sessions Court also issued a final decision in favor of the defendants on the merits inasmuch as the judgment resolved all the issues in the case before it, leaving nothing else for the state court to do. See In re Estate of Ridley, 270 S.W.3d 37, 40 (Tenn. 2008). In Tennessee, "any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." Creech v. Addington, 281 S.W.3d 363, 378 (quoting Tenn. R. Civ. P. 41.02(3)).[5] The state court action and the instant lawsuit both involve the Plaintiff and Defendant Ally Bank. Finally, the state court proceeding was based on events surrounding the Plaintiff's dispute of the $25.00 fee charged to his Alley Bank debit card and his contention that Defendant Ally Bank committed violations of Regulation E in responding to his dispute about the fee. The instant federal lawsuit is based upon the same underlying events and likewise asserts violations of Regulation E by Ally Bank.

"[R]es judicata is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." Moulton v. Ford Motor Co., 533 S.W.2d 295, 296 (Tenn. 1976). The application of res judicata "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." Boyce v. LPP Mortgage Ltd., 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013). Although the Plaintiff in his

---

[5] There is no indication that the Plaintiff filed an appeal from the decision by the General Sessions Court as provided by Tenn. Code. Ann. § 27-5-108. To the contrary, the allegations of his original complaint suggest that he mistakenly viewed filing the instant lawsuit as his avenue of appeal.

Amended Complaint has removed all references to the General Sessions lawsuit that he brought against Ally Bank and has likewise removed his request for an appeal from the decision of the Davidson County General Sessions Court, he cannot escape the fact of his prior unsuccessful lawsuit merely by removing from his pleadings any references to the lawsuit.

Further, his inclusion in his Amended Complaint of causes of action in addition to the Regulation E causes of action does not negate the preclusive effect of res judicata. Each of these causes of action essentially arise from and are based upon the same underlying set of common facts surrounding Defendant Ally Bank's response to his complaint about the $25.00 charge. These are the same facts that were at issue in the General Sessions lawsuit. The newly added claims could have, and should have, been pursued in the General Sessions lawsuit. Under Tennessee state law, res judicata bars a second action between the same parties on the claims that were litigated in the former action, as well as those claims that could have been litigated in the former action. Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012); Creech, 281 S.W.3d at 376. "[A] party's failure to raise an issue or theory does not preserve that issue or theory as a ground for a subsequent lawsuit." Brown v. Shappley, 290 S.W.3d 197, 200–01 (Tenn.Ct.App. 2008) (citing Barnett v. Milan Seating Sys., 215 S.W.3d 828, 835 (Tenn. 2007)). The Plaintiff has not supported his argument that the new causes of action could not have been pursued in the General Sessions lawsuit with any legal authority. He has also not made any persuasive argument that the underlying facts supporting the claims he brings in the instant action are not, at their crux, based upon the events surrounding the $25.00 charge that he disputed with Ally Bank. The factual allegations contained in the Amended Complaint are extremely vague and lack specificity as to the facts of any alleged wrongdoing by Ally Bank. Despite the vague nature of the factual allegations set out in the Amended Complaint, the Plaintiff nonetheless continues to base his claims upon the disputed charge in 2014 that formed the

basis for the lawsuit in General Sessions Court. See Docket Entry No. 22, at ¶ 13(A)-(B) and (F) and Exhibit 2.

Finally, the allegations supporting the newly added causes of action are themselves conclusory. Id. at ¶¶ 14-17. The Plaintiff has also not rebutted the Defendant's argument that the private cause of action the Plaintiff attempts to assert is not authorized under the Dodd-Frank Act.[6] See Levine v. Entrust Grp., Inc., 2013 WL 1320498, *7 (N.D. Cal. Apr. 1, 2013). Even though the Plaintiff's factual allegations are construed as true when reviewing the motion to dismiss, the plaintiff must "do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). He has not done so in this action. Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss. See Iqbal, 556 U.S. at 678-79.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 26) filed by Defendant Ally Bank be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

---

[6] The Plaintiff does not state what specific provision of the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd–Frank Act"), 15 U.S.C. §§ 501 et seq., the Defendant has violated but merely asserts that "Ally Bank has violated the unfair, deceptive, abusive acts or practices under the Dodd-Frank Act which mandates that all consumer financial products & services are fair." See Docket Entry No. 22, at ¶ 14.

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                           Respectfully submitted,

                                           JULIET GRIFFIN
                                           United States Magistrate Judge