**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 13, 2015

Shawnellias Burgess
3040 Cody Hill Road
Nashville, TN 37211

        Re: Case No. 15-5266, *Shawnellias Burgess v. Ally Bank*
            Originating Case No. : 3:14-cv-01676

Dear Appellant:

  The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Bryant L. Crutcher
                              Case Manager
                              Direct Dial No. 513-564-7013

cc:  Mr. Deaver Hiatt Collins
      Mr. Joshua R. Denton
      Mr. Keith Throckmorton

Enclosure

Mandate to issue

**<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>**

No. 15-5266

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SHAWNELLIAS BURGESS, ) | |
| ) | **FILED** |
| Plaintiff-Appellant, ) | Oct 13, 2015 |
| ) | DEBORAH S. HUNT, Clerk |
| v.  ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| ALLY BANK, ) | THE MIDDLE DISTRICT OF |
| ) | TENNESSEE |
| Defendant-Appellee. ) | |
| ) | |
| ) | |

<u>O R D E R</u>

Before: COLE, Chief Judge; SILER and KETHLEDGE, Circuit Judges.

Shawnellias Burgess, proceeding pro se, appeals a district court judgment that granted defendant Ally Bank's motion to dismiss his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Burgess sought monetary relief for violations of Regulation E (12 C.F.R. § 205.1, et. seq., implementing the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et. seq.), and several other federal and Tennessee state laws. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Burgess alleged that Ally Bank ("Ally") violated certain parts of Regulation E when it debited his bank card $25 to pay Snap Fitness East Brentwood ("Snap Fitness") a fee that he had not authorized. This fee was eventually refunded. In his original complaint, Burgess described a previous suit that he had filed in Tennessee state court against Ally and Snap Fitness on the same grounds, and referred to his federal case as an appeal from the state court's decision. Ally filed a motion to dismiss the case on the basis that it was barred under the *Rooker-Feldman* doctrine.

*See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). In response, Burgess filed a motion to amend his complaint, which the district court granted.

Burgess's amended complaint alleged the same claims against Ally as set forth in his original complaint but he omitted references to the state court's decision. He also added the following claims against Ally: (1) violations under the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank"); (2) violations of "Tennessee's UDAP" (liberally construed by the district court as claims under the state's consumer protection act); (3) fraud; and (4) breach of contract. Ally filed a motion to dismiss Burgess's amended complaint for failure to state a claim, which the district court granted. The district court also denied Burgess's two motions filed for a default judgment.

Burgess now argues that the claims he raised in his amended complaint were never decided in state court and that the district court therefore erroneously determined that his amended complaint was precluded under the doctrine of res judicata. He also argues that the defendant failed to meet its burden of pleading and showing that res judicata applied to his federal suit, and the district court failed to address a "multitude" of alleged violations relating to his Deposit Agreement with Ally. He also argues that the district court erred when it denied his motions for a default judgment. Lastly, Burgess argues that any bar to his federal suit pursuant to the *Rooker-Feldman* doctrine had been "cured" by his amended complaint.

We review de novo the district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). To survive a motion to dismiss under this rule, Burgess's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). However, this court need not assume that all of Burgess's legal conclusions, or conclusions that appear to be stated as facts, are true as well. *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

We review de novo the district court's application of res judicata. *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Id*. at 330; *see* 28 U.S.C. § 1738. Federal courts thus "look 'to the [rendering] state's law to assess the preclusive effect it would attach to that judgment.'" *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (citation omitted).

Under Tennessee law, "res judicata . . . bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). A party asserting res judicata as a defense must show: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Id*. A res judicata defense can generally be proven with a copy of the judgment in the former proceeding. *Id*. at 492 n.10. Under Tennessee's res judicata principles, all claims are barred in a subsequent suit that "were actually litigated or could have been litigated in the first suit between the same parties." *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 758 (6th Cir. 2003) (internal quotation marks omitted).

Contrary to Burgess's argument, the state court decided his claims, including the Regulation E claims against Ally, on the merits. Moreover, any additional claims arising from the same set of facts that he presented in his amended complaint in federal court could have been litigated and resolved in his state action. Therefore, the district court properly held that Burgess's claims against Ally were precluded under the doctrine of res judicata.

Burgess added four new claims to his amended complaint. However, he failed to describe with any specificity how Ally violated the Dodd-Frank Act or any state laws. In addition, Burgess presented only general allegations that Ally committed fraud and breach of

contract. These vague and base assertions of legal conclusions do not meet the pleading requirements of *Twombly* and *Iqbal*. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Therefore, the district court also properly denied these claims under Rule 12(b)(6).

Burgess insists that he was entitled to a default judgment because Ally's answers and responses to his complaints were untimely. However, as Ally clearly explained in its response to Burgess's motions, Burgess simply misread and misinterpreted the Federal Rules of Civil Procedure when he calculated the deadlines for Ally's pleadings.

Lastly, Burgess argues that any bar to his claims under *Rooker-Feldman* was removed by the revisions in his amended complaint. The district court agreed that the *Rooker-Feldman* doctrine no longer prevented the district court from reviewing Burgess's claims after he revised the complaint. Rather, the amended complaint was properly dismissed on other grounds as set forth above.

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk